## IRISH v. PAULEY.

### Sac. No. 160; March 31, 1897.

48 Pac. 321.

Logs and Logging—Delay in Performing Contract.—Under a contract to furnish logs to a mill, to be floated to the mill the next spring, if practicable, and, if not, then the spring following, where it is found that delivery the first spring was not practicable, a delivery the second fulfills the contract; and no damages are recoverable for the delay, or for the depreciation in value of the logs during the year.

APPEAL from Superior Court, Sierra County; Stanley A. Smith, Judge.

Action by John B. Irish against Benjamin Pauley on a contract. Judgment for plaintiff, from which, and from an order denying a motion for new trial, defendant appeals. Affirmed.

F. D. Soward for appellant; Frank R. Wehe and John B. Irish for respondent.

SEARLS, C.—Action upon a verbal contract to cut and deliver sawlogs at the sawmill of defendant, on the East Fork of the North Fork of the North Yuba river, county of Sierra. The cause was tried by the court without the intervention of a jury. Written findings were filed, upon which judgment was entered in favor of plaintiff for $560 and costs. Defendant appeals from the judgment and from an order denying his motion for a new trial.

We have found but little aid from the statement of facts by the counsel for the respective parties in their briefs. The statement of each is predicated upon the evidence in his own behalf, and seems to ignore that of his adversary. As there was a substantial conflict in the evidence upon nearly all the issues in the case, and as the court below found in favor of the plaintiff, counsel for respondent is justified in assuming the facts to be in line with the testimony of his own witnesses.

The first point made for reversal is that "the decision is against law, as the judgment is based upon contradictory

findings." It is urged under this head that the third finding contradicts the sixth, and such others as find that plaintiff complied with all the conditions of his contract. To the better understanding of the finding assailed, and of some others to which similar objections are made, we give a synopsis of such of the findings as shadow forth an outline of the case. (1) In August, 1893, plaintiff and defendant entered into a verbal contract by which plaintiff agreed to cut and deliver at defendant's sawmill, on the East Fork of the North Fork of the North Yuba river, Sierra county, sawlogs containing from one hundred thousand to one hundred and fifty thousand feet of lumber; to be paid therefor, on delivery, eight dollars per one thousand feet. (2) The logs were to be cut into special lengths, of twelve, fourteen, sixteen, eighteen and twenty feet, and at such place that they could be floated down the East Fork to defendant's mill. They were to be floated in the spring of the year by water from the melted snow; and, if practicable, were to be floated in the spring of 1894, but, if not practicable, then in the spring of 1895. (3) In the spring of 1894 the plaintiff and defendant measured and counted the logs in the forest where cut, and found there were four hundred and seventeen logs, containing one hundred and forty thousand feet of lumber. Such measurement was not intended as a modification or change of the contract, under which they were to be delivered at the dam or boom of defendant. (4) In the spring of 1894 plaintiff made an effort to float and deliver the logs, but was unable to do so by reason of a snowslide which blocked the river, and which, after a reasonable effort, by blasting, etc., he was unable to remove. (5) In the spring of 1895 plaintiff delivered to the defendant, at his mill, one hundred thousand feet of lumber, in three hundred logs, and there then became due him $800. (6) Plaintiff complied with all the terms of his contract, and defendant has paid nothing on account thereof except the sum of $140. (8) The logs were, under the contract, fashioned according to the specifications furnished by defendant, and would not have been salable in the general market. (9) Defendant accepted the one hundred thousand feet of lumber. There are five more findings of fact, to which we will refer as occasion requires. We fail to see any conflict whatever between the third and sixth findings. The third is to the effect that in

1894 defendant measured and counted the logs, and found there were four hundred and seventeen logs, aggregating one hundred and forty thousand feet of lumber. The contract called for one hundred thousand feet to one hundred and fifty thousand feet of lumber, and when one hundred thousand feet was delivered the contract was satisfied. .This being so, the fact that the logs, as measured and counted in the woods, consisted of four hundred and seventeen logs and measured one hundred and forty thousand feet, constituted no conflict. Plaintiff could comply with his contract by delivering anywhere from one hundred thousand feet up to one hundred and fifty thousand feet of lumber. The measurement of the logs in the woods was doubtless more convenient than in the dam or boom where they were to be delivered, and, had plaintiff succeeded in floating them all to the mill, it would have saved labor, nothing more.

It is further objected that finding 14, which is to the effect that plaintiff delivered no logs in 1894, but did deliver three hundred logs in 1895; that they were cut and prepared for delivery in 1894; and that by the delay in delivery they were injured to the extent of one dollar per thousand feet, etc.—is in conflict with finding 6 and a portion of finding 11, which are to the effect that such delay was no violation of the terms of plaintiff's contract. By the second finding it will be seen that the logs were to be floated in 1894, if practicable, and, if not, then in 1895; and the fourth finding shows that it was not practicable to so float them in 1894, and gives at length the reason therefor. We agree with the learned counsel for appellant that the injury to the logs by the delay is a false quantity, and immaterial, as it was not in violation of the contract, or by reason thereof that the injury occurred. The court deducted one dollar per thousand from the amount of the judgment on account of such injury. The judgment being upon the special contract, and not upon quantum valebat, this deduction was not called for. But, as the error was in favor of appellant, he cannot be heard to complain.

The question of the loss sustained by defendant by reason of not having logs to saw in 1894 cuts no figure in the case. Had defendant's theory, that the logs were, under the contract, to be delivered in 1894, been sustained, the loss by reason of a violation of the contract might have become an

important factor; but as plaintiff's theory, that they were to be delivered in 1894 or 1895, was upheld, and as he was found to have performed the contract fully on his part, there was no question of damages sustained by defendant, or profits lost by him, to be considered. The contention that only one hundred logs were delivered to and accepted by defendant is in conflict with the findings and evidence.

There are some other points made, but they have no more merit than those already noticed. We have carefully examined the evidence. It is conflicting, to the last degree, but is quite sufficient to sustain the findings of the court. We recommend that the judgment and order be affirmed.

' We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.